CHARLES C. MATTESON, JR. *v.* GREAT EASTERN
DEVELOPMENT, LTD.
(7139)

BORDEN, STOUGHTON and NORCOTT, Js.

Argued April 20—decision released June 13, 1989

*Eugene J. Riccio,* for the appellant (defendant).

*Christopher M. Hodgson,* for the appellee (plaintiff).

NORCOTT, J. This appeal arises from the plaintiff's claim against the defendant for wages pursuant to General Statutes § 31-72[1] and for reimbursement of expenses pursuant to a contract between the parties. The defendant appeals from the judgment of the trial court awarding the plaintiff $10,210 for wages, $6851.64 for out-of-pocket expenses, $1950.10 for attorney's fees and $152.60 in costs. We find error in part.

The record reflects the following facts. On January 2, 1981, the plaintiff, Charles C. Matteson, Jr., and the defendant, Great Eastern Development, Ltd. (GED), entered into an employment contract covering wages and expenses that provided, in part, that either party could terminate the contract on two weeks notice. In October, 1985, the plaintiff, pursuant to his contract with the defendant, began working on a planned automobile exposition in Hong Kong. In the fall of 1986, GED, International Housing Development (IHD) and Wendell McBride agreed to create a venture corporation called Auto Expo Asia (AEA) to pursue this project. The trial court found that the plaintiff did not

---

[1] General Statutes § 31-72 provides in pertinent part that "[w]hen any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i inclusive . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . ."

originate the project, contribute any capital to it, assume control over the venture as his own, or share in any profits of the project. The court found further that Robert Yung, chairman of GED, controlled the plaintiff's "comings and goings" relevant to the project, that Yung controlled the basic business dealings between GED and AEA, and that any arrangements regarding reimbursements between GED and AEA were solely between those parties.

The dispute on which this appeal is based arose in late 1986, when the plaintiff ceased to receive his salary from GED. The defendant contends that the plaintiff voluntarily left his employment at GED to head AEA in November, 1986. The trial court found, however, that the defendant did not give the plaintiff two weeks notice of termination as required by the contract of employment and that the plaintiff had not severed his relationship with GED during the period of time in question. The court held that the plaintiff, as an employee of the defendant, was entitled to be paid by the defendant for wages and out-of-pocket expenses covering the period from November 1, 1986, to February 17, 1987. The trial court rendered judgment for the plaintiff, and the defendant now appeals from that judgment.

The defendant's first claim of error is that the trial court erred in concluding that the plaintiff, as an employee, was entitled to wages and expenses. The essence of this claim is an attempt to retry the facts of the case before us. "Absent a statutory warranty or specific contract language, the scope of contractual terms is a factual question subject to a limited scope of appellate review. *Harry Skolnick & Sons v. Heyman,* 7 Conn. App. 175, 178, 508 A.2d 64 (1986)." *Crowther v. Gerber Garment Technology, Inc.,* 8 Conn. App. 254, 263, 513 A.2d 144 (1986). "[W]here the factual basis of the court's decision is challenged we must determine

whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record those facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Davis* v. *Naugatuck,* 15 Conn. App. 185, 188, 543 A.2d 785 (1988). After a careful review of the record, we are satisfied that there was sufficient evidence for the trial court to conclude that the plaintiff was an employee of GED and was entitled to wages and expenses pursuant to General Statutes § 31-72 and the employment contract between the parties.[2]

The defendant next claims that the trial court erred in awarding the plaintiff attorney's fees and costs. General Statutes § 31-72, in pertinent part, permits an employee to recover, in a civil action, wages due him, the costs of such action and such reasonable attorney's fees as may be allowed by the court. In *Crowther* v. *Gerber Garment Technology, Inc.,* supra, 265, we held that, in an action for wages brought pursuant to General Statutes § 31-72, awards for double damages and attorney's fees are inappropriate in the absence of the trial court's finding of "bad faith, arbitrariness or unreasonableness." Our review of the present record, specifically the trial court's memorandum of decision, reveals that the trial court made no findings consistent with the *Crowther* standard that would justify the award of attorney's fees in this case. In the absence of such findings, we conclude that the trial court abused

---

[2] Although it appears from the memorandum of decision that the trial court awarded wages and expenses pursuant to General Statutes § 31-72, we note that the plaintiff's expenses were due him under the employment contract, not the statute. This court is free to uphold a judgment on a basis different from that used by the trial court. *Bolmer* v. *Kocet,* 6 Conn. App. 595, 613, 507 A.2d 129 (1986). Because the plaintiff properly alleged the basis for recovery in his complaint and prayer for relief, we uphold the award of expenses under the contract.

its discretion in imposing attorney's fees when the court, in essence, found simply a breach of an employment contract.

The defendant also contends that the trial court abused its discretion in awarding the plaintiff taxable costs in the amount of $152.60. General Statutes § 52-257 provides for an award to the prevailing party in a civil action of court fees and fees for the service of process. It is clear under *Crowther* that the standard applied to the issue of attorney's fees does not affect the court's power to award properly taxable costs pursuant to General Statutes § 52-257. We conclude, therefore, that it was not an abuse of discretion for the court to award the plaintiff $152.60 for court filing and sheriff's fees.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except the award of attorney's fees to the plaintiff should be omitted.

In this opinion the other judges concurred.