[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought the present action seeking to recover monetary damages arising out of an employment relationship. The defendants have moved to strike all even counts of the complaint. The standards relating to the determination of a motion to strike are well known and will not be repeated here.
First Count. The plaintiff claims to have been employed by defendants for a period of time during which he earned various sums of money, some of which were to be paid in the future. The plaintiff alleges that he fully performed all the obligations imposed upon him and that the defendants have failed to pay the sums presently due and have failed to provide assurances that sums due in the future will be paid. The defendants moved to strike the first count on the grounds that the claims asserted by the CT Page 2046 plaintiff were oral and thereby unenforceable under the statute of frauds. The court cannot conclude as a matter of law that the agreements alleged by the plaintiff could not possibly be completed within a year under the rule of such cases as Finley v. Admiral Life and Casualty Co, 202 Conn. 190, 197 (1987), nor can the court conclude that the plaintiff has not fully performed the agreement under the rule of such cases as Strong v. Witkowski, 138 Conn. 94,99 (1951). Accordingly, the motion to strike the first count is denied.
Second Count. The second count of the complaint alleges the facts set forth on the first count and asserts that the services performed by the plaintiff were performed with the expectation of being compensated for those services and that the plaintiff conferred a benefit on the defendants. The plaintiff therefore claims unjust enrichment. The defendants have moved to strike the second count of the complaint on the ground that an unjust enrichment claim cannot be based upon an express contract and on that ground that the plaintiff does not allege that the actions of the defendants were to his detriment. The plaintiff is entitled to plead in the alternative and the facts as stated in the second count are sufficient to permit introduction of evidence to satisfy the requirements of an unjust enrichment claim. Therefore the motion to strike the second count of the complaint is denied.
Third Count. The third count of the complaint alleges that the defendant agreed to pay plaintiff certain sums for the services performed in 1991 upon his achieving certain criteria which the plaintiff claims he has achieved. The defendants move to strike the third count on the grounds that the plaintiff has failed to allege that the sums would be payable in the event the plaintiff terminated his employment and the complaint alleges that the employment was terminated in August of 1991. The claims of the plaintiff are based upon the nature of the contract, if any, made between the plaintiff and the defendants. Such a contract could include an agreement to pro rate the sums claimed in the event the employment was terminated. Accordingly the motion to strike the third count is denied.
Fourth Count. The plaintiff alleges in the fourth count that the defendants agreed to reimburse him for all out of pocket expenses incurred while on company business and that the plaintiff has duly documented those out of pocket expenses but has not been paid by the defendants. The defendants move to strike the fourth count on the grounds that the plaintiff has not identified the CT Page 2047 particular expenses involved. Such information is more appropriate to discovery than to pleadings. Accordingly the motion to strike the fourth count is denied.
Fifth Count. The fifth count of the complaint alleges that the defendants agreed that the plaintiff could carry over unused vacation days and that the defendants would pay him for unused days in the event that the employment relationship was terminated. The plaintiff claims that when he terminated his employment he had unused vacation days for which the defendants have failed to pay him. The defendants moved to strike the fifth count, which does not refer to General Statutes Section 31-76k, on the ground that the statute requires an employer policy or collective bargaining agreement which are not alleged. The fifth count does allege a specific agreement between the parties which the plaintiff claims was breached by the defendants and therefore the motion to strike the fifth count of the complaint is denied.
Sixth Count. In the sixth count of the complaint, the plaintiff alleges that the defendants have failed to pay wages and fringe benefits within the meaning of General Statutes 31-70 et seq. arising out of certain specified conduct. Plaintiff further alleges that the specified conduct was arbitrary, unreasonable and malicious. The defendants have moved to strike the sixth count on the grounds that the allegations alleging a breach of contract are insufficient to impose liability for double damages and attorneys' fees as provided for in the referenced statutes. The allegations made by the plaintiffs are sufficient to place the defendants on notice that the factual allegations are such as to justify the imposition of the damages sought under the rule of such cases as Sansone v. Clifford, 219 Conn. 217, 229 (1991); Matteson v. Great Eastern Development Ltd., 18 Conn. App. 618, 621 (1989). Accordingly the motion to strike the sixth count is denied.
Seventh Count. The seventh count of the complaint alleges that one corporate defendant owns the other, appoints its officers and directors, finances its activities, directs its operations, sets the terms of employment for employees and pays the salaries of the employees. The plaintiff further alleges that the officers and directors of the owned corporation do not act independently but take directions and orders from the owner and that the owner so completely dominates the finances and policies of the owned corporation that it has no mind of its own. Plaintiff further alleges that there is a unity of interest between owner corporation and the owned corporation so that they never existed as independent CT Page 2048 entities and adherence to corporate fiction would only serve to defeat justice and equity by allowing the owner corporation to escape liability for actions taken by it. The defendants have moved to strike the seventh count on the grounds that the plaintiff has failed to allege sufficient facts to justify the claim to disregard the corporate separateness. The plaintiff has alleged a sufficient factual basis to pierce the corporate veil under the rule of such cases as Zaist v. Olson, 154 Conn. 563, 573-74 (1967); and United Electrical Contractors v. Progress Builders Inc.,26 Conn. App. 749, 755-56 (1992). Accordingly, the motion to strike the seventh count is denied.
RUSH, J.