[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I. CT Page 9389
Factual Background
The plaintiffs, Fred D'Aquila and Ray Louis, filed the instant complaint against the defendant, Environmental Systems Products, Inc., alleging that as employees of the defendant corporation they entered into a contract with the defendant whereby they were to sell the defendant's inspection systems and remote engine testers. The plaintiffs allege that they sold approximately 445 units and were therefore, according to the contract, entitled to $150.00 commission per unit. The plaintiffs further allege that they have never been paid their commission.
The plaintiffs' complaint is in four counts: breach of contract; unjust enrichment; CUTPA, and tortious interference of business. The plaintiffs' prayer for relief requests ordinary damages as well as double wages damages, punitive damages and attorney's fees pursuant to General Statutes 42-110g
(CUTPA) and General Statutes 31-72. The defendant has filed a motion to strike counts three (CUTPA) and four (tortious interference of business) and the portions of the prayer for relief seeking double wages damages, punitive damages and attorney's fees.
 II.
Discussion
 A.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142, (1989). A motion to strike is the proper vehicle "to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief . . . ." Practice Book 152.
 B.
The defendant first argues that the CUTPA claim fails to state a claim upon which relief can be granted in that CUTPA does not apply to the employer/employee relationship.
CUTPA prohibits persons from engaging in unfair methods CT Page 9390 of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. General Statutes42-110b(a). "`Trade' and `commerce' mean the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state." General Statutes42-110a. The defendant argues that employer/employee relationships do not fall within the CUTPA definition of trade or commerce. The plaintiff maintains that as the legislation is remedial, the defendant's position would defeat the legislative intent of the act.
In Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660
(1992), the appellate court affirmed the trial court's granting of a motion to strike on similar grounds stating at 670:
 The relationship in this case is not between a consumer and a commercial vendor, but rather between an employer and an employee. There is no allegation in the complaint that the defendant advertised, sold, leased or distributed any services or property to the plaintiff. The United States District Court in Banerjee v. Robert, 641 F. Sup. 1093
(D. Conn. 1986), held that the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA. The Banerjee court noted that although an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purpose of CUTPA. Id., 1108.
See also, Kinter v. Nidec-Torin Corp., 662 F. Sup. 112, 113
(D. Conn. 1987).
A number of Superior Court judges have also held that CUTPA is not applicable in an action arising out of the employer/employee relationship. See, Apgar v. MBS Business Systems,3 Conn. L. Rptr. 55 (January 2, 1991, Purtill, J.); Keneally v. Prime Computer Inc., 3 CSCR 439 (March 7, 1988, Hale, J.); Mendillo v. The Lee Brook School, Superior Court, judicial district CT Page 9391 of Ansonia/Milford at Milford, Docket No. 87-0022920S (December 7, 1987); Krupa v. United Technologies, 2 CSCR 740 (July 1, 1987, Maloney, J.) ("CUTPA does not cover disputes which arise . . . solely between an employee and his or her employer which concern exclusively the employer/employee relationship"); Kriwitsky v. Farmington, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 419752 (October 3, 1985).
 C.
The plaintiffs further argue that the defendant's failure to pay commissions constitutes tortious interference of business. The defendant argues that the plaintiffs have failed to allege that the defendant interfered in a business relationship between the plaintiffs and a third party. The defendant also argues that the plaintiffs have not alleged any independent tortious conduct on the defendant's part which would be required to support a claim of tortious interference.
In Hiers v. Cohen, 31 Conn. Sup. 305, 310 (1973), a case involving an intentional interference with contractual relations claim, the court, sustained a demurrer stating:
 The complaint does not contain any allegation that the plaintiffs had a contract with "other persons" concerning the new mortgage or that the defendant induced "other persons" to break any contract with the plaintiffs; therefore, the complaint fails to state a cause of action in favor of the plaintiffs.
Citing Hiers v. Cohen, supra, and R an W Hat Shop, Inc. v. Sculley, 98 Conn. 1 (1922), the federal district court noted "it is well-settled that the tort of interference with contractual relations only lies when a third party adversely affects the contractual relations of two other parties." Palmigiano v. Garrahy, 448 F. Sup. 659 (D. Conn. 1978). There is, of course, no material distinction between interference with contractual relations and interference with business with respect to the requirement that the tortious conduct be committed by a third party outside of the contractual relationship. See Finman Son v. Connecticut Truck Trailer Service, 169 Conn. 407, 415 (1975) ("The essential elements of the cause of action, whether it be CT Page 9392 called `intentional interference with contractual relations' or `unlawful interference with business relations' . . . ."). As the plaintiffs do not allege that the defendant interfered in business between the plaintiffs and a third party, the motion to strike count four of the plaintiffs' complaint is granted.
 D.
In their prayer for relief, the plaintiffs request double wages damages pursuant to General Statutes 31-72, punitive damages, and attorney's fees, pursuant to General Statutes42-110g (CUTPA) and General Statutes 31-72. To the extent any relief is requested under CUTPA, it is stricken. As discussed above, the third count, alleging a CUTPA violation, is no longer in this case.
The defendant argues that the requests for double wages damages and attorney's fees pursuant to General Statutes31-72 should be stricken because the plaintiff does not allege bad faith, arbitrariness or unreasonableness on the part of the defendant. General Statutes 31-72 concerns civil actions by employees against employers for wages due. In such an action, it enables an employee to recover "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court. . .".
The statutory language does not require a showing of bad faith, arbitrariness, or unreasonableness. Cases interpreting this section have held that such a showing is a prerequisite to recovery of double wages and attorney's fees. See, Sansone v. Clifford, 219 Conn. 217 (1991) (double damages and attorney fees are inappropriate in absence of showing of bad faith, arbitrariness or unreasonableness); Matteson v. Great Eastern Development, Ltd., 18 Conn. App. 618, 621 (1989) ("in an action for wages brought pursuant to General Statutes 31-72, awards for double damages and attorney's fees are inappropriate in the absence of the trial court's finding of `bad faith, arbitrariness or unreasonableness'.").
In Matteson v. Great Eastern Development, Ltd., supra, the appellate court reversed the trial court's awarding of double damages and attorney fees pursuant to General Statutes31-72, finding "that the trial court abused its discretion in imposing attorney's fees when the court, in essence, found simply a breach of an employment contract." Id., 621-622. In the earlier CT Page 9393 case of Crowther v. Gerber Garment Technology, Inc.,8 Conn. App. 254, 265 (1986), the appellate court, while acknowledging that the trial court had awarded double damages pursuant to 31-72, based on "to a great degree the fact that the defendant had breached its employment contract with the plaintiff", found that the court's additional findings of unreasonableness supported the double award.
In the first count herein, the plaintiff alleges breach of contract. Something more, however, must be proved to recover under General Statutes 31-72. The plaintiff does not allege any facts that indicate the defendant acted arbitrarily, unreasonably, or in bad faith. The plaintiff's allegations do not show anything more than disloyalty to an employment agreement. This is not sufficient to warrant an award of double damages and an attorney's fee. See Matteson v. Great Eastern Development, Ltd., supra; Anderson v. Possidento, Superior Court, judicial district of Waterbury, Docket No. 110699 (April 27, 1993). Thus, the defendant's motion to strike the paragraphs of the Prayer for Relief seeking double wages and attorney's fees is granted.
Finally the defendant seeks to strike the plaintiff's prayer for punitive damages. Punitive damages are, of course, limited to plaintiff's expense of litigation less taxable costs. Waterbury Petroleum Products, Inc. v. Canaan Oil Fuel Co,193 Conn. 208, 234 (1984). Unless authorized by statute, as a general rule, punitive damages may only be awarded for outrageous conduct. Ames v. Sears, Roebuck Co., 8 Conn. App. 642, 655
(1986). They are awarded "when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Collens v. New Canaan Water Co., 155 Conn. 477, 489 (1967). "[T]he language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Markey v. Santangelo, 195 Conn. 76, 77 (1985). There are no such allegations in this case and thus unless otherwise allowed by statute, the prayer must be stricken. With the deletion of count three (CUTPA), the statutory authorization in no longer exists.
The independent request for punitive damage cannot stand.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT CT Page 9394