[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S OBJECTION TO REQUEST TO REVISE
1. The plaintiff's objection to the defendant's request to delete paragraphs 8, 9, and 10 of the second count is overruled. The allegations are not necessary to state the plaintiff's claims that are made under General Statutes § 31-72 for double damages and attorney's fees. If the facts stated in those paragraphs are relevant to the plaintiff's claim that the defendant acted in bad faith, evidence as to those matters may be admitted at the trial judge's discretion.
2. The plaintiff's objection to the defendant's request to delete two of the plaintiff's four claims for relief is sustained. The plaintiff has pleaded the necessary elements for CT Page 9828 double damages and attorney's fees. To obtain an award of double damages and attorney's fees, the plaintiff must prove "bad faith, arbitrariness or unreasonableness." Sansone v. Clifford,219 Conn. 217, 229 (1991); Matteson v. Great Eastern Development,Ltd., 18 Conn. App. 618, 621 (1989). The plaintiff has alleged bad faith in what is presently designated as paragraph 12 of the second count.
3. The plaintiff's objection to the defendant's request to delete paragraph 11 of the second is overruled for the same reason as given by the court in paragraph one above.
4. The plaintiff's objection to the defendant's request to delete paragraph 12 is sustained in part and overruled in part. The phrases "to the Department of Labor, for the benefit of the plaintiff" should be deleted. The allegations are not necessary to state the plaintiff's claims.
THIM, JUDGE