IRVING LASSITER *v.* JAMES MARSHALL ET AL.
(AC 16740)

O'Connell, C. J., and Lavery and Schaller, Js.

Argued March 31—officially released June 16, 1998

*Max F. Brunswick,* for the appellant (plaintiff).

*Henry Lyons III,* with whom was *Leia Berla,* for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff brought this action pursuant to General Statutes § 31-72[1] seeking the minimum wage, double damages and attorney's fees with respect to the period of his domestic employment in the residence of the defendants pursuant to an oral agreement providing for wages of $40 per week plus room and board. The trial court rendered judgment in favor of the plaintiff in the amount of $5215.76, consisting of the amount of the minimum wages, based on a forty hour week during the entire thirteen month period of employment, less the maximum allowable amounts for room and board under applicable federal regulations.

---

[1] General Statutes § 31-72 provides in relevant part: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 71i, inclusive . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . ."

The trial court denied the plaintiff's claim for double damages and attorney's fees.

The plaintiff, appealing from the judgment of the trial court, claims that the trial court abused its discretion in (1) refusing to award double damages and attorney's fees under General Statutes §§ 31-72 and 31-68 (a), and (2) crediting the defendants with the maximum amount allowed by federal law for room and board.

We have fully reviewed the record and briefs and considered the oral arguments of the parties. The appeal largely relies on factual issues. The trial court's findings are supported by the evidence and the inferences that may be drawn therefrom. Having applied the appropriate standard of review; *Matteson* v. *Great Eastern Development, Ltd.*, 18 Conn. App. 618, 621, 559 A.2d 1165 (1989); we conclude that the trial court did not abuse its discretion and that its decision conforms to the applicable law.

The judgment is affirmed.