ARDIS DAVIS ET AL. *v.* BOROUGH OF NAUGATUCK
(5903)

BORDEN, O'CONNELL and STOUGHTON, Js.

Submitted on briefs January 7—decision released July 12, 1988

*M. Leonard Caine III* filed a brief for the appellant (defendant).

*Thomas F. Gudsnuk* filed a brief for the appellees (plaintiffs).

STOUGHTON, J. The defendant has appealed from the judgment rendered in favor of the plaintiffs after a trial to the court. We find error in part.

The plaintiff Ardis Davis alleged that she suffered injuries on May 19, 1979, when she struck a pothole in an intersection in the borough of Naugatuck while operating a vehicle owned by her husband, the plaintiff Denman Davis, and while in the exercise of due care. In a second count, the plaintiff Denman Davis alleged that his automobile was substantially damaged by the occurrence. Each plaintiff alleged a breach of statutory duty by the defendant in that there was a large hole in the traveled portion of the street or streets which was hazardous for vehicular traffic, there had been no attempt to repair, there were no warning signs, the streets were not reasonably safe, the defendant knew or should have known of the condition, and the condition had existed for sufficient time so that the defendant had actual or constructive notice of it.

The trial court found that the roadway was defective and that the defendant was on notice of the defect. It found that the plaintiff operator was free of contributory negligence, that she suffered a fractured thumb, that the defect was the sole proximate cause of the injuries and damage sustained by the plaintiffs, and that the plaintiffs had made a timely claim therefor. The court rendered judgment for Ardis Davis in the amount of $3924.85 and for Denman Davis in the amount of $175.32.

In its memorandum of decision, the trial court referred to testimony of Ardis Davis that she had been aware of the pothole before the occurrence of the incident giving rise to this action, that she had complained of it to representatives of the defendant, and that on the night of May 19, 1979, it was raining and, although she was looking out for the pothole, she was prevented by the rain and by lights of an oncoming vehicle from seeing it. She also testified that she had previously been able to straddle the pothole because her own automobile had a wider space between its wheels than did her husband's vehicle.

The defendant claims that the court erred (1) in concluding that the claimed defect was the sole proximate cause of the plaintiffs' injuries and damage, (2) in concluding that the plaintiff was free of contributory negligence, and (3) in awarding damages in excess of the amount sought in the statement of the amount in demand attached to the complaint.

General Statutes § 13a-149[1] provides in part that any person injured in person or property by means of a defective road may recover damages from the party bound to keep it in repair. To recover under this statute for breach of statutory duty, the plaintiffs must prove by a fair preponderance of the evidence that the defective highway was " 'the sole proximate cause of the injuries and damages claimed, which means that the plaintiff[s] must prove freedom from contributory negligence.' " *Foster* v. *Waterford,* 186 Conn. 692, 695, 443 A.2d 490 (1982), quoting *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981).

---

[1] "[General Statutes] Sec. 13a-149. DAMAGES FOR INJURIES BY MEANS OF DEFECTIVE ROADS AND BRIDGES. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained

The defendant's first two claims of error involved questions of fact for the trier to determine and the conclusions to be drawn by the trier therefrom. The defendant asserts that the conclusions of the trial court were not supported by the evidence and were clearly erroneous.

Where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found. *Spinello* v. *State,* 12 Conn. App. 449, 454–55, 531 A.2d 167 (1987). The question is not whether we might have drawn a different conclusion from the facts in evidence, but whether the trial court reasonably and logically could have concluded as it did. We as an appellate body cannot retry the case or substitute our judgment for that of the trial court. *Wolk* v. *Wolk,* 191 Conn. 328,

against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of any inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

330, 464 A.2d 780 (1983). Our review of the record, transcripts and briefs shows sufficient support for the findings and conclusions of the trial court.

In its remaining claim of error, the defendant asserts that the trial court erred in that the damages awarded by the trial court exceed the amount claimed by the plaintiffs. At the end of the complaint there appears the following statement: "The Plaintiffs Claim: 1. Damages within the jurisdiction of this Court, not in excess of $2500." The defendant maintains that it was clearly erroneous on the part of the trial court to award more than the amount claimed. The plaintiffs contend that the amount of an award is a matter peculiarly within the province of the trier of fact; *Kiniry* v. *Danbury Hospital,* 183 Conn. 448, 461, 439 A.2d 408 (1981); and that it would put form over substance to limit relief to the amount claimed. The plaintiffs rely upon *Robben* v. *Hartford Electric Light Co.,* 1 Conn. App. 109, 468 A.2d 1266 (1983), in which we held that the trial court had erred in reducing the amount of damages awarded by a jury to the amount requested by the ad damnum.

The required contents of a complaint are set out in General Statutes § 52-91 and Practice Book § 131. Prior to 1977, § 52-91 required that the plaintiff's complaint contain a demand for the relief to which he supposed himself entitled. The ad damnum, the claim for money damages, limited the amount of the judgment although it could be increased by amendment. *Bridgeport Hardware Mfg. Corporation* v. *Bouniol,* 89 Conn. 254, 261, 93 A. 674 (1915); see also *Thomas* v. *Katz,* 171 Conn. 412, 415, 370 A.2d 978 (1976). The amount of the matter in demand as disclosed by the complaint determined whether jurisdiction was in the Superior Court or in the Court of Common Pleas. *Holmquist* v. *Spinelli,* 139 Conn. 429, 431–32, 94 A.2d 621 (1953). General Statutes § 52-259 provided for one entry fee

for entering civil causes in the Superior Court, and a lower entry fee for entering causes in the Court of Common Pleas.

No. 77-497 of the 1977 Public Acts[2] amended General Statutes § 52-91 and eliminated the requirement that a complaint contain an ad damnum. Practice Book § 131 was similarly amended. See *Robben* v. *Hartford Electric Light Co.*, supra. The statute provided that the demand for relief should not allege the amount of damages sought, but should be a statement of the remedy sought and an allegation that the matter is within the jurisdiction of the court *"or on or after July 1, 1978, a statement that the amount, legal interest or property in demand is less than seven thousand five hundred dollars, exclusive of interest and costs, or is not less than seven thousand five hundred dollars,* as the case may be." (Emphasis added.) Public Acts 1977, No. 77-497, was enacted during the *Robben* trial, and we held that the amendments to the statute and the rules of practice, being procedural, applied to pending actions and that the trial court had erred in reducing the amount of damages awarded by a jury to the amount requested in the ad damnum.

---

[2] Public Acts 1977, No. 77-497, provided in pertinent part:

"Sec. 2. Section 52-91 of the general statutes is repealed and the following is substituted in lieu thereof:

"There shall be but one form of civil action and the pleadings therein shall be as follows: The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and a demand for the relief [to which he supposes himself to be entitled], WHICH SHALL NOT ALLEGE THE AMOUNT OF MONEY DAMAGES SOUGHT, IF ANY, BUT SHALL BE A STATEMENT OF THE REMEDY SOUGHT AND AN ALLEGATION THAT THE MATTER IS WITHIN THE JURISDICTION OF THE COURT OR ON OR AFTER JULY 1, 1978, A STATEMENT THAT THE AMOUNT, LEGAL INTEREST OR PROPERTY IN DEMAND IS LESS THAN SEVEN THOUSAND FIVE HUNDRED DOLLARS, EXCLUSIVE OF INTEREST AND COSTS, OR IS NOT LESS THAN SEVEN THOUSAND FIVE HUNDRED DOLLARS, AS THE CASE MAY BE."

Although the requirement that a complaint contain an ad damnum clause has been eliminated, there has been a requirement since July 1, 1978, that the complaint contain a statement that the amount in demand is more or less than a certain amount. This amount has changed with various amendments. Public Acts 1983, No. 83-144,[3] amended § 52-91 to provide that the demand for relief be on a separate page of the complaint and that it set forth that the amount in demand is $15,000 or more, $2500 or more but less than $15,000, or less than $2500. This is the way the statute appeared at the time of trial and the way it appears today.

---

[3] Public Acts 1983, No. 83-144, entitled An Act Concerning the Demand for Relief in Civil Actions, provided: "Section 52-91 of the general statutes is repealed and the following is substituted in lieu thereof:

"There shall be one form of civil action. The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and, ON A SEPARATE PAGE OF THE COMPLAINT, a demand for the relief, which [shall not allege the amount of money damages sought, if any, but] shall be a statement of the remedy OR REMEDIES sought. [and an allegation that the matter is within the jurisdiction of the court or, on or after July 1, 1981, a statement that] WHEN MONEY DAMAGES ARE SOUGHT IN THE DEMAND FOR RELIEF, THE DEMAND FOR RELIEF SHALL SET FORTH: (1) THAT the amount, legal interest or property in demand is [less than] fifteen thousand dollars OR MORE, exclusive of interest and costs; [, or is not] OR (2) THAT THE AMOUNT, LEGAL INTEREST OR PROPERTY IN DEMAND IS TWO THOUSAND FIVE HUNDRED DOLLARS OR MORE BUT IS less than fifteen thousand dollars, [as the case may be. If] EXCLUSIVE OF INTEREST AND COSTS; OR (3) THAT the amount, legal interest or property in demand is less than [five thousand dollars or is less than] two thousand five hundred dollars, [a statement that the demand is less than five thousand dollars or is less than two thousand five hundred dollars shall be included in the complaint in lieu of the statement that the amount, legal interest or property in demand is less than fifteen thousand dollars] EXCLUSIVE OF INTEREST AND COSTS. IN ADDITION, IN A CONTRACT ACTION IN WHICH ONLY MONEY DAMAGES ARE SOUGHT AND IN WHICH THE AMOUNT, LEGAL INTEREST OR PROPERTY IN DEMAND IS LESS THAN FIFTEEN THOUSAND DOLLARS, EXCLUSIVE OF INTEREST AND COSTS, THE DEMAND FOR RELIEF SHALL ALSO SET FORTH WHETHER OR NOT THE REMEDY SOUGHT IS BASED UPON AN EXPRESS OR IMPLIED PROMISE TO PAY A DEFINITE SUM."

The significance of July 1, 1978, is that on that date, and since that time, Connecticut has had a unified court system. On July 1, 1978, the Superior Court became the sole court for all causes of action in Connecticut except for actions in which the Probate Court had original jurisdiction. General Statutes § 51-164s. As § 52-91 has been amended, General Statutes § 52-259, providing for court fees, has also been amended. On the date on which this action was commenced, and up until today, § 52-259 has provided for an entry fee in one amount for each civil cause in the Superior Court except for limited classes of cases including those in which the amount in demand is less than $2500. In those cases, the entry fee is less than in cases in which the matter in demand exceeds that amount. The legislature has provided for a greater or lesser entry fee depending upon the matter in demand since July 1, 1978. Since July 1, 1978, § 52-259 has provided for an additional entry fee in any case in which the plaintiff amends his complaint to increase the matter in demand over the amount which determines the entry fee.

The plaintiffs in this case stated that their claim was less than $2500, thus qualifying for the lower entry fee. Although the entry fee has been increased since that time, the amount which triggers the greater entry fee has remained at $2500. At all times since the action was commenced, the plaintiffs might have amended their demand for relief to an amount in excess of $2500, if they believed that it was warranted, upon payment of an additional entry fee. This they failed to do.

The statement of the amount in demand serves other purposes in addition to determining the entry fee. If the amount in demand is not less than $15,000, the fees which may be taxed as costs in favor of the prevailing party are greater than are the fees which may be taxed in civil actions in which the amount in demand is less than $15,000. General Statutes § 52-257 (a) and (c). If

the amount in demand is less than $15,000, certain cases may be referred to a factfinder pursuant to General Statutes § 52-549n, or to an arbitrator pursuant to General Statutes § 52-549u.

There may well be practical consequences which flow from the statement of the amount in demand as well as the procedural consequences to which we have referred. For example, if a plaintiff states that the amount in demand is less than $2500, the defendant may well decide that he will not incur the expense of retaining expert witnesses. He may decide against the additional expense and time which a jury trial would entail. He might, in certain cases, decide against reporting the matter to his liability insurance company if he had not already done so, preferring to bear the expense of any judgment against him to a possible loss of coverage or increase in premium. There may be other practical consequences, but these are sufficient to suggest that the defendant ought to be able to rely upon the plaintiff's own assessment of the value of his case.

Since July 1, 1978, there has been a requirement that a complaint in an action such as this include a statement that the amount in demand does or does not exceed a certain amount. From this statement, various important consequences flow. There is nothing unjust in holding that the plaintiff is limited in the recovery of damages by the amount demanded in the required statement in or attached to the complaint. It was always open to the plaintiffs in this case to seek to amend the demand for relief upon payment of an additional entry fee. Their failure to do so must operate to limit their recovery.

There is error in part, the judgment is set aside as to the award of damages and the case is remanded to the trial court with direction to modify the judgment so that it totals no more than $2500.

In this opinion the other judges concurred.