State of Connecticut *v.* Sheryle L. Branca
(7182)

Borden, Daly and Stoughton, Js.

Submitted on briefs December 21, 1988—decision released January 31, 1989

*B. Paul Kaplan* filed a brief for the appellant (defendant).

*Paul J. Ferencek,* deputy assistant state's attorney, and *Mark S. Solak,* assistant state's attorney, filed a brief for the appellee (state).

DALY, J. The defendant appeals from her conviction, after a trial to the court, of speeding in violation of General Statutes § 14-219 (c).[1] The defendant's sole claim on appeal is that the trial court erred in admitting into evidence a certificate of accuracy of a radar transmitter. We find no error.

The trial court found the following facts. On May 4, 1988, the defendant was operating a motor vehicle on Interstate 395 in a northerly direction. Connecticut State Trooper Stephen Castaglivolo was assigned to clock northbound traffic with the use of a radar gun on Interstate 395 and, at approximately 12:48 p.m., clocked the defendant traveling at eighty-three miles per hour.

In order to prove the accuracy of the radar transmitter, the state introduced the testimony of Castaglivolo. Castaglivolo testified that at the beginning of his shift he had measured both the internal and external calibra-

[1] General Statutes § 14-219 (c) provides: "Any person who violates any provision of subdivision (1) of subsection (a) of this section or who operates a motor vehicle (1) on a multiple lane, limited access highway at a rate of speed greater than seventy miles per hour or (2) on any other highway at a rate of speed greater than sixty miles per hour shall be fined not less than one hundred dollars nor more than one hundred fifty dollars, provided any such person operating a truck, as defined in section 14-260, shall be fined not less than one hundred fifty dollars nor more than two hundred dollars."

tions of the radar transmitter used to clock the defendant's speed and that the machine was working accurately that day. He further testified that the transmitter had been tested and duly certified for accuracy by the calibration department of the Fairfield Radar Laboratory (Fairfield), and that Fairfield issued a six month certificate of accuracy for the machine on April 18, 1988. That certificate was kept on file by the state police in the ordinary course of business.

When the state attempted to offer the certificate into evidence, the defendant objected. She argued that the business records exception to the hearsay rule applies only where the document at issue is made, as opposed to kept, in the ordinary course of business. The trial court overruled the objection and admitted the certificate into evidence on the basis of the business records exception.

On appeal, the defendant renews her objection to the admission of the certificate on the same ground raised in the trial court. "Where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . ." *Davis* v. *Naugatuck,* 15 Conn. App. 185, 188, 543 A.2d 785 (1988). Our review of the record indicates that the trial court's decision was legally and logically correct.

In *Crest Plumbing & Heating Co.* v. *DiLoreto,* 12 Conn. App. 468, 475, 531 A.2d 177 (1987), this court discussed the business records exception to the hearsay rule, as codified in General Statutes § 52-180.[2]

---

[2] General Statutes § 52-180 (a) provides in pertinent part: "Any writing or record . . . made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter."

There, we held that there is no requirement in the statute that a document must be prepared by the organization itself to be admissible as that organization's business record. Id., 475. "All that is required is that it be in the regular course of the business to make the 'writing or record.' " Id., 476. In view of the fact that the state police directed Fairfield to test the accuracy of the radar transmitter as part of its standard procedure of testing all radar units, the trial court could have reasonably found that the certificate was made in the ordinary course of business.

There is no error.

In this opinion the other judges concurred.