[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' MOTION FOR REMITTITUR, MOTION FORRECONSIDERATION, AND MOTION FOR LEAVE TO AMEND STATEMENT IN DEMAND
Plaintiff Patricia Bear as landlord has brought this action against defendants Thomas and Gloria McQuenney, as former tenants, for the purpose or recovering money in compensation for restoring leased premises, damaged by the defendants, and for unpaid rent, late charges and counsel fees. Attached to the complaint is a Statement of Amount in Demand, dated July 28, 1994, which states the following:
 The amount in demand is greater than two thousand file hundred dollars ($2,500) and less than fifteen thousand dollars ($15,000).
After a trial before the Court on June 19, 1995, the Court awarded to the plaintiff $14,940.66 in compensatory CT Page 11212 damages and $2,241.05 in requested counsel fees. Thus, the total judgment is $17,181.71. On June 26, 1995, the defendant's filed a Motion for Reconsideration of the Court's Decision. The defendants also filed a Motion for Remittitur. The gravamen of both defendants' motion is their contention that the total amount of the award should not exceed the limit specified in the Statement of Amount in Demand; namely, ". . . less than $15,000." The plaintiff has filed a Motion for Leave to Amend the Statement of Amount in Demand attached to her complaint. The Amended Statement of Amount in Demand, if allowed by the Court, would state the amount as ". . . greater than $15,000." The defendants claim that inasmuch as the case has gone to judgment, the proposed amendment to the complaint is untimely and its allowance would be prejudicial to their interests. The plaintiff and the defendants have filed memoranda in support of their respective positions.
Clearly, the entry of judgment for compensatory damages in the amount of $14,940.66 and attorney's fees in the amount of $2,241.05 exceeds the plaintiff's present Statement of Amount in Demand, by at least $2,182.71.[1]
The legal standard for considering amendments in situations such as the instant one is articulated in the case of Saphir v. Neustadt, 177 Conn. 191 (1979). In Saphir, supra, the Supreme Court of Connecticut ruled that trial courts have wide discretion in granting or denying requests to amend a complaint to conform to the proof at trial at any time — before, during or after the trial, and even after judgment has been entered. In this regard, the Supreme Court stated that
 where . . . there is a variance between allegations in the complaint and the proof at trial, which is corrected by amendment to the complaint, a judgment based on the amended complaint will not be set aside unless the variance misled or prejudiced the defendants on the merits of the case.
 Id. at 208.
The defendants cite Davis v. Borough of Naugatuck, CT Page 1121315 Conn. App. 185 (1988), and Robben v. Hartford ElectricLight Company, 1 Conn. App. 109 (1983) as supporting their position that the requested amendment should not be allowed. The practical and procedural consequences analyzed in Davis, supra, are not present in the present case, inasmuch as, inter alia, 1) the filing fee in the Housing Division is the same for matters under and exceeding $15,000; and, 2) the defendants never made a timely claim for a jury trial. This court finds that the case of Robben v. Hartford Electric Light Company,supra, supports the plaintiff's position since the Appellate Court in that case found that in view of the elimination of an ad damnum by Public Act 77-497, and of corresponding modifications in the Rules of Court, the trial court was remiss in reducing a jury award to the amount in the ad damnum.
In this case the court finds that the defendants should not have been surprised by the defendant's claim for counsel fees since counsel fees were authorized by them in the lease, and they were included on a statement tendered to defendants' counsel prior to trial.[2]
For the foregoing reasons and upon the foregoing authorities the court, upon further consideration, 1) grants the plaintiff's Motion to amend her Statement of Amount in Demand to conform to the judgment; and 2) denies the defendants' Motion for Remittitur.
The Court orders the defendants to make payments on the judgment at the rate of $35.00 per week, commencing on September 29, 1995.
Clarance J. Jones, Judge