## SOUTHINGTON '84 ASSOCIATES *v.* SILVER DOLLAR STORES, INC., ET AL.
### (13997)

O'Connell, Foti and Heiman, Js.

Argued September 14—decision released October 24, 1995

*Joseph R. Crispino*, for the appellants (defendants).

*Francis X. Drapeau*, with whom, on the brief, was *John D. Ward*, for the appellee (plaintiff).

PER CURIAM. The defendants, lessees of commercial property, appeal from a judgment awarding damages for rent owed to the plaintiff rendered following a hearing in damages before the trial court. The issues raised by the defendants are all factual and cannot be retried on appeal.[1] See *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, 38 Conn. App. 709, 713, 662 A.2d 818 (1995)

Although the parties initially waived oral argument before this court, our examination of the record and briefs disclosed the presence of a serious issue of law that had not been briefed. Plain error review under Practice Book § 4185[2] is warranted because the unad-

---

[1] The defendants raised the following issues: whether the trial court improperly found that (1) the plaintiff had made reasonable efforts to mitigate damages, (2) the plaintiff's construction activities breached the lease, and (3) the defendant Louis Ursini, president and chief executive officer of Silver Dollar Stores, Inc., executed the lease in his individual capacity.

[2] Practice Book § 4185 provides in relevant part: "The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

dressed issue implicates interests of fundamental justice. *Lynch* v. *Granby Holdings*, 230 Conn. 95, 99, 644 A.2d 325 (1994). The unbriefed issue concerns the power of a trial court to render judgment for an amount in excess of the sum stated in the plaintiff's amount in demand. The parties were given notice and ordered to file supplemental briefs. See id.; *LoSacco* v. *Young*, 210 Conn. 503, 509–10, 555 A.2d 986 (1989).

The following facts are pertinent to our resolution of this appeal. In compliance with General Statutes § 52-91[3] and Practice Book § 131[4] the plaintiff annexed to its complaint a statement that the amount "in demand is more than Two Thousand Five Hundred Dollars ($2,500.00) but *less than $15,000.00* exclusive of interest and costs." (Emphasis added.) Despite this statement of the amount in demand, the trial court rendered judgment for the plaintiff in the amount of $146,588.57, attorney's fees of $3767 and costs of $849.10.

Our decision in the present case is controlled by *Davis* v. *Naugatuck*, 15 Conn. App. 185, 543 A.2d 785 (1988). Following a thorough, detailed analysis, this

---

[3] General Statutes § 52-91 provides in relevant part: "The first pleading on the part of the plaintiff shall be known as the complaint and shall contain . . . on a separate page of the complaint, a demand for the relief, which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs; or (2) that the amount, legal interest or property in demand is two thousand five hundred dollars or more but is less than fifteen thousand dollars, exclusive of interest and costs; or (3) that the amount, legal interest or property in demand is less than two thousand five hundred dollars, exclusive of interest and costs. . . ."

[4] Practice Book § 131 provides: "The first pleading on the part of the plaintiff shall be known as the complaint. It shall contain a concise statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for relief which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall include the information required by Gen. Stat. § 52-91. . . ."

court held that the trial court improperly awarded damages in excess of the amount sought in the statement of the amount in demand. Id., 189–93. We reaffirm our decision in *Davis*, and hold that the trial court in this case improperly awarded damages in excess of $15,000.

The judgment is reversed as to the award of damages and the case is remanded with direction to modify the judgment so that it totals no more than $15,000 plus costs.