## SOUTHINGTON '84 ASSOCIATES *v.* SILVER DOLLAR STORES, INC., ET AL.
### (15338)

Peters, C. J., and Callahan, Borden, Norcott and Katz, Js.

Argued May 29—officially released July 16, 1996

*Francis X. Drapeau*, for the appellant (plaintiff).

*Joseph R. Crispino*, for the appellees (defendants).

KATZ, J. The dispositive issue on appeal is whether, under the circumstances of this case, the trial court had the authority to render judgment awarding money damages greater than the amount stated in the demand

for relief attached to the plaintiff's complaint. We conclude that it had such authority.

The following facts are undisputed. The plaintiff, Southington '84 Associates, the lessor of commercial property in Southington Caldor Village, brought this action against the defendants, its tenant, Silver Dollar Stores, Inc. (Silver Dollar), and Louis M. Ursini, president of Silver Dollar, as guarantor of the lease for breach of contract for the failure to pay rent. In compliance with General Statutes § 52-91[1] and Practice Book § 131,[2] the plaintiff annexed to its complaint a statement that the amount "in demand is more than Two Thousand Five Hundred Dollars ($2,500.00) but *less than $15,000.00* exclusive of interest and costs." (Emphasis added.) The defendants filed a special defense claiming that the construction project in front of an adjoining

---

[1] General Statutes § 52-91 provides: "Pleadings; contents of complaint. There shall be one form of civil action. The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for the relief, which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs; or (2) that the amount, legal interest or property in demand is two thousand five hundred dollars or more but is less than fifteen thousand dollars, exclusive of interest and costs; or (3) that the amount, legal interest or property in demand is less than two thousand five hundred dollars, exclusive of interest and costs. In addition, in a contract action in which only money damages are sought and in which the amount, legal interest or property in demand is less than fifteen thousand dollars, exclusive of interest and costs, the demand for relief shall also set forth whether or not the remedy sought is based upon an express or implied promise to pay a definite sum."

[2] Practice Book § 131 provides: "—Contents of Complaint

"The first pleading on the part of the plaintiff shall be known as the complaint. It shall contain a concise statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for relief which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall include the information required by Gen. Stat. § 52-91. (See Gen. Stat., § 52-91 and annotations.)"

property was so disruptive to Silver Dollar's business that it violated its right to quiet enjoyment, thereby relieving the defendants of the obligation to pay rent. Because the defendants failed to appear for trial, the trial court, *Langenbach, J.,* entered a default against them. See Practice Book § 351.

Thereafter, pursuant to Practice Book § 365 et seq., the case was tried to the court as a hearing in damages. Although neither defendant had filed a notice of defenses pursuant to Practice Book § 367, at the hearing in damages Ursini argued that he had signed the guarantee as president of Silver Dollar, and not in his individual capacity, and both defendants argued that the plaintiff had breached the lease by permitting renovations elsewhere in Southington Caldor Village that violated Silver Dollar's right of quiet enjoyment and interfered with its business. The trial court rejected both defenses, finding that Ursini had signed the lease in his individual capacity and that the renovations to other sections of the shopping center did not so disrupt the traffic flow as to cause significant financial loss to Silver Dollar. Finally, the trial court concluded that the plaintiff had attempted to mitigate the damages caused by the defendants' breach. Accordingly, the court rendered judgment for the plaintiff against both defendants. The court computed damages as follows: losses to the date of the judgment in the amount of $22,144.03, and losses from the date of the judgment to the end of the contract period in the amount of $128,529.98. After allowing a credit to the defendants for their security deposit in the amount of $4085.44, the court awarded the plaintiff $146,588.57.[3] Although the defendants were made aware, during the hearing in damages, that the plaintiff was seeking money damages in excess of the amount stated in the demand for relief attached to the com-

---

[3] The court also awarded costs of $849.10 and attorney's fees of $3767 to the plaintiff against both defendants.

plaint, they did not object to the amount being sought on the basis that it exceeded that demand.[4]

The defendants appealed from the judgment of the trial court to the Appellate Court, challenging the trial court's rejection of its two defenses as well as its finding regarding mitigation. *Southington '84 Associates* v. *Silver Dollar Stores, Inc.*, 39 Conn. App. 608, 608 n.1, 665 A.2d 920 (1995). The Appellate Court labeled the issues raised as factual and, consequently, summarily rejected them. Id., 608. Although the parties waived oral argument, following its own examination of the record the Appellate Court asked for supplemental briefs on the issue of whether the trial court had the authority to render judgment for an amount in excess of the amount stated in the demand for relief attached to the plaintiff's complaint. Id., 608–609. Reasoning that the case was controlled by *Davis* v. *Naugatuck*, 15 Conn. App. 185, 543 A.2d 785 (1988), the Appellate Court concluded, pursuant to Practice Book § 4185,[5] that it was plain error for the trial court to have awarded damages in excess of $15,000 and, accordingly, reversed the judgment as to damages and remanded the case to the trial court with direction to modify the judgment "so that it totals no more than $15,000 plus costs." *Southington '84 Associates* v. *Silver Dollar Stores, Inc.*, supra, 610.

The plaintiff petitioned this court for certification to appeal from the judgment of the Appellate Court, which we granted, limited to the following issue: "Under the circumstances of this case, did the Appellate Court

[4] At one point in the hearing, the defendants stated: "They are claiming five years worth of rent practically, plus expenses." At another time, the plaintiff stated: "[W]e are looking for back rent in the amount of [$22,144.33]. Future rent, [$128,598.00]."

[5] Practice Book § 4185 provides in relevant part: "Errors Considered

"The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court."

properly conclude that it was plain error to render judgment in an amount in excess of the statement re amount in demand?" *Southington '84 Associates* v. *Silver Dollar Stores, Inc.*, 235 Conn. 937, 937–38, 668 A.2d 375 (1995). We conclude that, absent unfair surprise or prejudice to the defendants, the trial court was not bound by the amount in that statement and that, consequently, the trial court did not commit plain error. Accordingly, we reverse the judgment of the Appellate Court.[6]

The plaintiff contends that by limiting its claim for damages to the amount in the demand for relief, the Appellate Court has, in effect, resurrected the ad damnum requirement that once served to limit the trial court's jurisdiction and that was eliminated nearly twenty years ago by the legislature, and that the Appellate Court has concomitantly undermined the arbitration and fact-finding programs created by the legislature. We agree.

We begin with a discussion of the history of the statement of the demand for relief, the purpose of that statement and the limitations it imposes on the plaintiff, if any. At the same time that the legislature adopted a uniform court system, vesting in the Superior Court the power to entertain all actions except those in which the Probate Court had original jurisdiction; General

---

[6] We agree that the Appellate Court had the discretion to review this issue despite the defendants' failure to raise the claim and to preserve it for appellate review. We therefore do not challenge the exercise of that court's discretion to determine whether the trial court was limited by the demand for relief. In order for an appellate court to invoke the plain error doctrine to reverse a judgment, however, that court must conclude that "the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Ralto Developers, Inc.* v. *Environmental Impact Commission*, 220 Conn. 54, 59, 594 A.2d 981 (1991). Because we conclude that the trial court was not limited by the demand for relief, that court did not commit plain error. Accordingly, the Appellate Court improperly applied the plain error doctrine in reversing the trial court's judgment.

Statutes § 51-164s;[7] it also enacted No. 77-497 of the 1977 Public Acts,[8] which amended General Statutes (Rev. to 1977) § 52-91 and thereby eliminated the ad damnum requirement because it was no longer needed as a basis for limiting a particular court's jurisdiction in rendering a judgment. See *Holmquist* v. *Spinelli*, 139 Conn. 429, 431–32, 94 A.2d 621 (1953) (amount in demand as disclosed by complaint determined whether jurisdiction was in Superior Court or in Court of Common Pleas); *Bridgeport Hardware Mfg. Corp.* v. *Bouniol*, 89 Conn. 254, 261, 93 A. 674 (1915) (same); see also *Thomas* v. *Katz*, 171 Conn. 412, 415, 370 A.2d 978 (1976) (damages awarded cannot exceed amount of ad damnum).

In 1982, the legislature created fact-finding and arbitration programs in civil litigation; Public Acts 1982, No. 82-441;[9] and in 1983, the legislature again amended

---

[7] General Statutes § 51-164s provides: "Superior court sole trial court. Jurisdiction transferred from court of common pleas and juvenile court. The superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. All jurisdiction heretofore conferred upon and exercised by the court of common pleas and the juvenile court prior to July 1, 1978 shall be transferred to the superior court on July 1, 1978."

[8] Number 77-497 of the 1977 Public Acts, entitled "An Act Concerning the Elimination of the Ad Dammum Clause in Civil Cases," provides in pertinent part: "Sec. 2. Section 52-91 of the general statutes is repealed and the following is substituted in lieu thereof:

"There shall be but one form of civil action and the pleadings therein shall be as follows: The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and a demand for the relief [to which he supposes himself to be entitled], *WHICH SHALL NOT ALLEGE THE AMOUNT OF MONEY DAMAGES SOUGHT, IF ANY, BUT SHALL BE A STATEMENT OF THE REMEDY SOUGHT AND AN ALLEGATION THAT THE MATTER IS WITHIN THE JURISDICTION OF THE COURT* . . . ." (Emphasis added.)

The emphasized portion is the language added to § 52-91.

[9] Number 82-441 of the 1982 Public Acts provides in pertinent part: "AN ACT CONCERNING FACT FINDING AND ARBITRATION IN CIVIL LITIGATION AND JURISDICTION AND APPOINTMENT OF MAGISTRATES.

"Section 1. Section 8 of public act 81-462 is repealed and the following is substituted in lieu thereof:

General Statutes (Rev. to 1983) § 52-91 to require a plaintiff to attach to the complaint a demand for relief in order to assist our trial courts in identifying cases that were eligible for the newly enacted fact-finding and arbitration programs. Public Acts 1983, No. 83-144 (P.A. 83-144).[10] Unlike the previous ad damnum require-

"In accordance with the provisions of section 51-14, the judges of the [supreme court and judges of the] superior court [shall] MAY make such [orders and] rules as they deem necessary to provide A PROCEDURE . . . IN ACCORDANCE WITH WHICH THE COURT, IN ITS DISCRETION, MAY REFER TO A FACT-FINDER FOR PROCEEDINGS AUTHORIZED PURSUANT TO THIS ACT, ANY CONTRACT ACTION PENDING IN THE SUPERIOR COURT IN WHICH ONLY MONEY DAMAGES ARE CLAIMED AND WHICH IS BASED UPON AN EXPRESS OR IMPLIED PROMISE TO PAY A DEFINITE SUM, AND IN WHICH THE AMOUNT, LEGAL INTEREST OR PROPERTY IN DEMAND IS LESS THAN FIFTEEN THOUSAND DOLLARS EXCLUSIVE OF INTEREST AND COSTS. SUCH CASES MAY BE REFERRED TO A FACT-FINDER ONLY AFTER THE PLEADINGS HAVE BEEN CLOSED, A TRIAL LIST CLAIM HAS BEEN FILED, NO CLAIM FOR A JURY TRIAL HAS BEEN FILED AT THE TIME OF REFERENCE, AND THE TIME PRESCRIBED IN SECTION 52-215 FOR FILING A JURY TRIAL CLAIM WITHIN THIRTY DAYS OF THE RETURN DAY OR WITHIN TEN DAYS AFTER THE ISSUE OF FACT HAS BEEN JOINED HAS EXPIRED. . . .

"Sec. 7. (NEW) In accordance with the provisions of section 51-14 of the general statutes, the judges of the superior court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to an arbitrator, for proceedings authorized pursuant to this act, any civil action in which the amount, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs and in which a claim for a trial by jury and a claim for the trial list have been filed. . . ."

[10] Number 83-144 of the 1983 Public Acts, entitled "An Act Concerning the Demand for Relief in Civil Actions," provides: "Section 52-91 of the general statutes is repealed and the following is substituted in lieu thereof:

"There shall be one form of civil action. The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and, ON A SEPARATE PAGE OF THE COMPLAINT, a demand for the relief, which [shall not allege the amount of money damages sought, if any, but] shall be a statement of the remedy OR REMEDIES sought. [and an allegation that the matter is within the jurisdiction of the court or, on or after July 1, 1981, a statement that] WHEN MONEY DAMAGES ARE SOUGHT IN THE DEMAND FOR RELIEF, THE DEMAND FOR RELIEF SHALL SET FORTH: (1) THAT the amount, legal interest or property in demand is [less than] fifteen thousand dollars OR MORE, exclusive of interest and costs; [, or is not] OR (2) THAT THE

ment, however, the statement contemplated by the amended § 52-91 does not require the plaintiff to state the exact amount being sought. To comply with the amended statute, a plaintiff need only state which of the three categories applies to the case: less than $2500; $2500 or more, but less than $15,000; or $15,000 or more.[11] See footnote 1. These categories correspond to the eligibility requirements for the fact-finding and arbitration programs that had been created by legislation prior to P.A. 83-144.[12] See General Statutes §§ 52-

AMOUNT, LEGAL INTEREST OR PROPERTY IN DEMAND IS TWO THOUSAND FIVE HUNDRED DOLLARS OR MORE BUT IS less than fifteen thousand dollars, [as the case may be. If] EXCLUSIVE OF INTEREST AND COSTS; OR (3) THAT the amount, legal interest or property in demand is less than [five thousand dollars or is less than] two thousand five hundred dollars, [a statement that the demand is less than five thousand dollars or is less than two thousand five hundred dollars shall be included in the complaint in lieu of the statement that the amount, legal interest or property in demand is less than fifteen thousand dollars] EXCLUSIVE OF INTEREST AND COSTS. IN ADDITION, IN A CONTRACT ACTION IN WHICH ONLY MONEY DAMAGES ARE SOUGHT AND IN WHICH THE AMOUNT, LEGAL INTEREST OR PROPERTY IN DEMAND IS LESS THAN FIFTEEN THOUSAND DOLLARS, EXCLUSIVE OF INTEREST AND COSTS, THE DEMAND FOR RELIEF SHALL ALSO SET FORTH WHETHER OR NOT THE REMEDY SOUGHT IS BASED UPON AN EXPRESS OR IMPLIED PROMISE TO PAY A DEFINITE SUM."

[11] For administrative purposes these same categories are also listed in a box found in the upper right hand corner of the summons, making it easier for judicial administrative personnel to ascertain immediately into which category the case falls. Prior to 1978, pursuant to General Statutes § 52-259, one entry fee had been required for entering civil cases in the Superior Court, and a lower fee had been required for entering cases in the Court of Common Pleas. Since then, § 52-259 has been amended to coincide with the amendments to § 52-91, requiring a different entry fee depending upon whether the amount in the demand for relief is more or less than $2500.

[12] Speaking on behalf of the judicial department in support of P.A. 83-144, Faith Arkin Mandell, the department's legislative counsel, explained: "This bill requires that in a civil action, the Plaintiff in [his] complaint specify whether or not the amount of damages he seeks is less than $2500 or is $2500 or more but less than $15,000 or is $15,000 or more. This bill will assist the court in identifying which cases are eligible for reference to a fact finder or arbitrator. A system which was established last session and it will also assist the courts in identifying the proper entry fees." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 3, 1983 Sess., p. 833.

549n and 52-549u.[13] Thereafter, the rules of practice were amended to reflect those statutory changes. See Practice Book § 546D (trial court may refer to fact finder any contract action "in which money damages only are claimed, which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in demand is less than fifteen thousand dollars"); and Practice Book § 546N (court may refer to arbitrator "any civil action in which the damages, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs").[14]

---

[13] General Statutes § 52-549n provides: "Certain contract actions referred to fact-finders. Rules of procedure. In accordance with the provisions of section 51-14, the judges of the superior court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the superior court in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs. Such cases may be referred to a fact-finder only after the pleadings have been closed, a trial list claim has been filed, no claim for a jury trial has been filed at the time of reference, and the time prescribed in section 52-215 for filing a jury trial claim within thirty days of the return day or within ten days after the issue of fact has been joined has expired."

General Statutes § 52-549u provides: "Arbitration of certain civil actions. Rules of procedure. In accordance with the provisions of section 51-14, the judges of the superior court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to an arbitrator, for proceedings authorized pursuant to this chapter, any civil action in which the amount, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs and in which a claim for a trial by jury and a claim for the trial list have been filed."

[14] Although the trial court may refer a case to a fact finder, the trial court nevertheless retains jurisdiction of the case to review, remand or reject the findings in whole or in part pursuant to Practice Book § 546J. We further note that the trial court retains jurisdiction of a case it sends to arbitration and hears the case de novo upon a proper request of one of the parties who appeared at the arbitration. Practice Book § 546S. In the present case, the demand for relief did not affect who ultimately adjudicated this case. Although the case had been sent to an attorney trial referee, who did not

The plaintiff contends, and we agree, that if we were to conclude that General Statutes § 52-91 and Practice Book § 131 limit the amount of recovery, plaintiffs would be compelled to over inflate their demands for relief to choose the "$15,000 or more" option, so as to avoid the risk that a subsequent judgment for that amount might be set aside in accordance with the Appellate Court's prior opinion in this case. As a consequence, many cases that would otherwise qualify for arbitration and fact-finding programs would never be properly labeled and identified. The important goal of judicial economy that underlies these programs would, therefore, likely be undermined.[15]

We recognize that Practice Book § 313 provides that, in personal injury cases tried to a jury, the amount of the verdict cannot exceed the amount demanded.[16] This rule recognizes the difficulty a jury may have in placing a value on an injury. Although that provision is clearly inapplicable to this contract action adjudicated as a hearing in damages, it is useful as a point of contrast because, had the legislature and the judges of the Superior Court wanted to apply this kind of limitation to all awards, they were aware of how to accomplish that goal. See *Plourde* v. *Liburdi*, 207 Conn. 412, 416, 540 A.2d 1054 (1988) ("the use of different words [or the

have the restricted jurisdictional authority of a fact finder; *E. I. Constructors, Inc.* v. *Scinto*, 12 Conn. App. 348, 352–53, 530 A.2d 1081 (1987); when the defendants failed to appear, the trial court entered a default against them and then presided over the hearing in damages, rendering the judgment from which this appeal was taken.

[15] Additionally, giving plaintiffs an incentive to over inflate their demands could return us to the problems we eliminated with the repeal of the ad damnum clause requirement—inflated demands to control the forum in which a case is tried.

[16] Practice Book § 313 provides: "In any action seeking damages for injury to the person, the amount demanded in the complaint shall not be disclosed to the jury. In the event that the jury shall return a verdict which exceeds the amount demanded, the court shall reduce the award to, and render judgment in, the amount demanded."

absence of repeatedly used words in the context of] the same [subject matter] must indicate a difference in legislative intention" [internal quotation marks omitted]); see also *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, 236 Conn. 681, 694–95, 674 A.2d 1300 (1996).

Section 313 may also serve to avoid the surprise and prejudice that an unanticipated damage award could bring to a defendant. Indeed, it was those very concerns that the Appellate Court expressed in *Davis* v. *Naugatuck*, supra, 15 Conn. App. 192–93, an appeal from a judgment rendered in a trial to the court wherein the Appellate Court held that the plaintiff was limited in the recovery of damages by the amount requested in the demand for relief and that the failure of the plaintiff to amend the demand pursuant to General Statutes § 52-259 operated to limit his recovery.

In the present case, there was no such surprise or prejudice to the defendants. The record clearly reflects that, at the hearing in damages, the defendants knew that the damages to the plaintiff had accumulated to exceed $15,000. Pointedly, the defendants failed to indicate any surprise when the plaintiff announced that back rent totaled $22,144.33 and future rent totaled $128,598, and they never objected to the plaintiff's claim for five years worth of rent on the basis that it exceeded the amount in the demand for relief. On the basis of this record, in the absence of any prejudice to the defendants, the plaintiff could have amended its complaint at any time to conform to the proof. Practice Book § 182.[17] We would be elevating form over substance to

---

[17] Practice Book § 182 provides: "Amendment of Amount in Demand

"A party may amend his statement concerning the amount in demand by order of the court upon filing of a motion for leave to file such amendment, with a copy of the amendment appended, after service upon each party as provided by Sec. 120, and with proof of service endorsed thereon. After obtaining permission of the court, the moving party shall file the original amendment with the clerk. If the amount, legal interest or property in

limit damages in this case to the amount requested in the demand for relief. To the extent that *Davis* v. *Naugatuck*, supra, 15 Conn. App. 185, *requires* a fact finder to limit damages to the amount stated in the demand for relief, in the absence of a showing of surprise or prejudice, it is hereby overruled.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.

demand was alleged to be less than $2500 in accordance with the provisions of Sec. 131, or, prior to October 1, 1979, was alleged to be less than $7500, and the party has been given court permission to amend his demand to an amount in excess of either amount, he shall pay any entry fee prescribed by statute to the clerk when he files the amendment."