[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff argues that the court should dismiss this action on the ground that the court lacks subject matter jurisdiction because the plaintiff failed to attach a statement of amount in demand to his complaint pursuant to General Statutes § 52-91. In Southington '84 Associates v. Silver DollarStores, Inc., 237 Conn. 758, 763-66 (1966), the court stated that the purpose of this statement is to assist the court in deciding whether to submit the case to a fact finding or arbitration program created by the legislature in General Statutes §§ 52-549n
and 52-549u. Even if the case is referred to one of these programs, the court still retains jurisdiction over the matter.Southington '84 Associates v. Silver Dollar Stores, Inc., supra, 766 n. 14. Unlike the ad damnum requirement which was required to invoke the jurisdiction of the Superior Court or the Court of Common Pleas based on the amount contained in the clause, the statement of amount in demand serves a purpose apart from invoking the court's jurisdiction since the Superior Court now the sole court of original jurisdiction for all causes of action, except for probate cases. Id., 763 n. 7; General Statutes § 51-164s. This court possesses jurisdiction over the plaintiff's cause of action. The defendant may, however, file a request to revise the complaint or move to strike the pleading for failure CT Page 7021 to file a statement of amount in demand since the defendant may be subject to surprise or prejudice due to the failure to comply with § 52-91. Southington '84 Associates v. Silver DollarStores, Inc., supra, 768.
Kevin P. McMahon, Judge