[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 5, 2000, the Commissioner of the Department of Children and Families, the Department, filed a petition to terminate the parental right of the above-mentioned children. Respondent Mother, Maria I. has alleged that the Department has denied her visitation since 1999. She therefore seeks a court order compelling regular visits between her and her son Mark.
I. Procedural History
In August 1998, the Department filed neglect petitions and sought an Order of Temporary Custody alleging that Mark W., Nino I. and Elana H.[1]
were neglected in that the children were both denied proper care and attention and also were allowed to live in conditions injurious to their well being. That order was confirmed on August 28, 1998. The children were adjudged neglected and committed to the care and custody of the Department. Subsequently that commitment was extended.
On October 5, 2000 the Department filed a Motion for Extension of Commitment and Review of Permanency Plan wherein the Department recommended the termination of all parental rights. On that same date, the Department filed a Petition for Termination of Parental Rights. However, the parties agreed that the Department should continue its efforts to reunify Respondent Mother and her children. Unfortunately, despite existing court orders, Respondent Mother has not seen her son since November 1999 and now has requested relief from this court.
Although the Department did not file any memorandum of law, during oral argument the Department contended that this court has "limited" jurisdiction only and therefore is without authority to provide the CT Page 2284 relief requested. Specifically, the Department asserted that juvenile courts exist merely to accommodate the litigation requirements of the Department of Children and Families. The Department further opined that this court's jurisdiction was confined by the issues presented in the Department's various petitions. Finally the Department suggested that Respondent Mother had an adequate administrative remedy and, therefore, her request for court ordered visitation should be denied.
II. Legal Analysis
The Department of Children and families filed neglect petitions and sought an Order of Temporary Custody on behalf of the above-mentioned children. That petition was adjudicated on August 28, 1998 in the Superior Court for Juvenile Matters, Judicial District of Waterbury. Subsequently the Department filed motion for extension of commitment and review of permanency plan in the Superior Court for Juvenile Matters, Judicial District of Waterbury. Finally the Department filed a petition for termination of parental rights in the Superior Court for Juvenile Matters, Judicial District of Waterbury. It now contends that this court does not have jurisdiction to enforce its previously ordered visitation schedule.[2]
Contrary to the Department's argument, this court is one of general jurisdiction. "Jurisdiction has to do with the authority or power of a court to hear and decide `the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created.'" Haigh v. Haigh, 50 Conn. App. 456, 717 A.2d 837 (1998), quoting Second Injury Fund v. Lupachino, 45 Conn. App. 324, 343,695 A.2d 1072 (1997)." A juvenile court does not have subject matter jurisdiction separate and distinct from the Superior Court. State v.Kelley, 206 Conn. 323, 331, 537 A.2d 483 (1988). To the contrary, a juvenile court's jurisdiction is codified in Connecticut General Statutes51-164s. That statute provides:
 The superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. All jurisdiction heretofore conferred upon and exercised by the court of common pleas and the juvenile court prior to July 1, 1978 shall be transferred to the superior court on July 1, 1978."
See Southington `84 Association v. Silver Dollar Stores, Inc.,237 Conn. 758, 769, 678 A.2d 968 (1996). State v. Kelley, 206 Conn. at CT Page 2285 331-32. Indeed, "the chief court administrator is empowered . . . to assign any judge of the Superior Court at any time to any division of the Superior Court, State v. Kelly, 206 Conn. at 328-29. Simply stated, this is a court of general jurisdiction.
Part of this court's responsibilities includes resolution of issues involving the care and safety of children. Connecticut General Statutes46b-121 provides in relevant part:
 Juvenile matters include all proceedings concerning uncared-for, neglected or dependent children and youth and delinquent children within this state, termination of parental fights of children committed to a state agency, matters concerning families with service needs and contested termination of parental rights transferred from the probate court . . . . In such juvenile matters, the superior court shall have authority to make and enforce such orders directed to parents . . . guardians, custodians or other adult persons owing some legal duty to a child or youth therein, as it deems necessary, or appropriate to secure the welfare, protection, proper care and suitable support of a child or youth subject to its jurisdiction or otherwise committee to or in the custody of the commissioner of children and youth services. Said court shall also have authority to grant and enforce injunctive relief, temporary or permanent in all proceedings concerning juvenile matters.
See generally In re Juvenile Appeal (85-BC), 195 Conn. 344, 367-69,488 A.2d 790 (1985); In re Juvenile Appeal (Anonymous), 177 Conn. 648,659, 420 A.2d 875 (1979). This court's inherent statutory authority also includes the ability to enforce court orders.
In the present case, this court entered a series of orders beginning in May 2000 wherein the Department was required to provide Respondent mother and her children with weekly visits. The Department never sought to modify those orders. This court order's would be rendered null and void if the Department could unilaterally terminate visitation.
Contrary to the Department's suggestion during oral argument, juvenile courts do not exist merely to assist the Department of Children and Families. That agency is simply one litigant. All other litigants are allowed equal access to the court. CT Page 2286
The "adjudication of neglect that results in custody by [the Department] is neither final nor irrevocable." In re Juvenile Appeal(85-BC), 195 Conn. 344, 367, 488 A.2d 790 (1985); In re Juvenile Appeal(84-AB), 192 Conn. 254, 264, 471 A.2d 1380 (1984). Here Respondent Mother seeks to enforce a valid court order. The hearing requested by Respondent Mother would provide her the opportunity to establish that a need for familial visits still exists.[3]
III. Conclusion
Respondent Mother having properly invoked the jurisdiction this court, her request for a hearing to enforce court ordered visitation is hereby ordered granted.
Julia DiCocco Dewey, Judge