## MICHAEL J. YORGENSEN ET AL. *v.* BROPHY AHERN DEVELOPMENT COMPANY ET AL.
### (AC 21355)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Patrick L. Kennedy* filed a brief for the appellants (named defendant et al.).

*Michael J. Yorgensen*, pro se, the appellee (named plaintiff), filed a brief.

*Opinion*

PER CURIAM. The plaintiffs, Michael Yorgensen and Monique Yorgensen, lessors of a rental unit of the defendant Brophy Ahern Development Company, brought this action to recover monetary damages arising from the failure of the defendants, the development company and its owners,[1] to return their security deposit at the end of their lease. At the conclusion of the lease, the defendants retained $1334 of the deposit to cover damages for cleaning and repairs to the unit and an additional $37.80 in interest. After a court trial, the court concluded that the plaintiffs were properly entitled to a refund of the balance of their security deposit of $1165.60. The court also concluded that the plaintiffs were entitled to punitive damages, pursuant to General Statutes § 47a-21 (d) (2),[2] twice the amount of their security deposit. After the court denied the defendants' motion for reconsideration, the defendants brought the present appeal, arguing that the court improperly awarded double damages under the statute because the plaintiffs did not specifically seek such punitive damages in their complaint. We affirm the judgment of the trial court.

[1] The plaintiffs alleged that the defendant Brophy Ahern Development Company was owned by the defendants Lawrence Brophy and Kevin Ahern. They subsequently withdrew the action as against Ahern. We refer in this opinion to Brophy Ahern Development Company and Lawrence Brophy as the defendants.

[2] General Statutes § 47a-21 (d) (2) provides in relevant part: "Any . . . landlord who violates any provision of this subsection shall be liable for twice the amount or value of any security deposit paid by such tenant . . . ."

Because this issue is one of law, our review is plenary. Practice Book § 10-3 (a) provides that "[w]hen any claim made in a complaint, cross complaint, special defense or other pleading is grounded on a statute, the statute shall be specifically identified by its number." As this court has noted, however, "our courts have held that the requirement that the pleader specifically identify the statute on which he relies is directory rather than mandatory." *Criscuolo* v. *Mauro Motors, Inc.*, 58 Conn. App. 537, 545, 754 A.2d 810 (2000). Similarly, our Supreme Court has held that a trial court may award damages in excess of the amount stated in the demand for relief attached to a plaintiff's complaint. See *Southington '84 Associates* v. *Silver Dollar Stores, Inc.*, 237 Conn. 758, 762, 678 A.2d 968 (1996).

These cases make clear that the proper test to apply is whether the court's action causes unfair surprise or prejudice to the defendants. See id.; *Criscuolo* v. *Mauro Motors, Inc.*, supra, 58 Conn. App. 547. This test is appropriate because, as this court has observed, "[t]he modern trend . . . is to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Lyons* v. *Nichols*, 63 Conn. App. 761, 765, 778 A.2d 246, cert. denied, 258 Conn. 906, 782 A.2d 1244 (2001). The complaint should "fairly put the defendant on notice of the claims against him." (Internal quotation marks omitted.) Id., 764.

Applying these considerations to the present case, we cannot say that the court's award in any way caused the defendants to suffer prejudice or surprise. The plaintiffs originally brought their complaint in small claims court. The allegations in that complaint fell squarely within § 47a-21 (d) (2) and formed the basis for the court's award. Furthermore, the defendants alleged, in an affidavit filed with the court in support of their motion to transfer the case to the regular docket, that they acted "in accordance with Connecticut General

Statutes § 47a-21." It would be disingenuous for the defendants to argue before this court that they were not on notice that the plaintiffs' claim for damages arose out of § 47a-21 (d) (2). Given that the plaintiffs' claim fell under the statute and the facts that the defendants cited to the statute and the court based its award on a violation of the terms of the statute, we conclude that the court's decision is not legally improper.

The judgment is affirmed.