[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
On February 29, 1996, the plaintiff, Jeffrey Stein, a dentist, filed a complaint in the small claims court against the defendants, Paul Nordling and Debra Lamont-Nordling. On March 22, 1996, the defendants filed an answer and asserted two special defenses and a counterclaim. On March 22, 1996, the defendants filed a motion to transfer the case to the Superior Court, which motion was granted on March 27, 1996.
The plaintiff alleges the following facts in his complaint. On or about March 17, 1996, and dates subsequent, the plaintiff provided the defendants dental services, for which the defendants agreed to make payment upon demand. Although demand has been made, the defendants have refused to make any payment. The plaintiff further alleges in his complaint that the defendants have been unjustly enriched by the dental services provided by the plaintiff.
The defendants in their answer admitted receiving dental treatment from the plaintiff, but denied that they agreed to make payment on demand. The defendants further denied refusing to make payments and being unjustly enriched by the dental services provided by the plaintiff. As part of their answer, the defendants asserted two special defenses. In their first special defense, the defendants allege that the plaintiff's action is time barred by the three-year statute of limitations on oral contracts. In their second special defense, the defendants allege that they do not have any obligation to pay for any dental services for the reasons set forth in the counterclaim. The CT Page 9269 defendants in their counterclaim alleged the following facts.
On or about December 10, 1994, Paul Nordling sought professional dental services from the plaintiff. During the course of root canal work, the plaintiff left in the defendant's tooth a small piece of file for which the defendant was forced to seek emergency corrective work from another dentist. The defendants attest that the plaintiff was negligent, careless, and reckless in performing dental work sought by Paul Nordling. First, the plaintiff left in Paul Nordling's tooth a small piece of file. Then the plaintiff failed to advise the defendant of his error and failed to correct the error which he knew or about which he should have known. As a result of the plaintiff's negligence, the defendant incurred costs and expenses, including medication, and may be obligated for similar sums in the future to have another dentist repair the condition caused by the plaintiff's negligence. The defendant also endured pain and suffering, extreme emotional distress, and anxiety as a result of the plaintiff's negligence, recklessness and carelessness. The plaintiff's negligence caused the defendant to lose wages because he was forced to remain at home, unable to work, for several days in order to convalesce. Defendant was also unable to carry on his usual and customary activities as a result of the plaintiff's negligence.
On May 10, 1996, the plaintiff filed a motion to strike the defendants' second special defense on the grounds that it was legally insufficient because it did not comport with Practice Book § 164[1] and failed to state a claim upon which relief can be granted. The plaintiff also moved to strike the defendants' counterclaim because (1) the defendants failed to provide a Good Faith Certificate as required by Connecticut General Statutes § 52-190a[2]; and (2) the defendant failed to file a demand for relief as required by Connecticut General Statutes § 52-91.[3]
"As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164." Bennett v. AutomobileIns. Co. of Hartford, 230 Conn. 795, 802, 646 A.2d 806 (1994). See also Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992). If a party seeks to introduce evidence under a denial "which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the `new matter' must CT Page 9270 be affirmatively pleaded as a special defense." Pawlinski v.Allstate Ins. Co., 165 Conn. 1, 6, 327 A.2d 583 (1973). "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway. Bennett v. Automobile Ins. Co. of Hartford, supra,230 Conn. 802.
A motion to strike may be used to test the legal sufficiency of special defenses. Connecticut National Bank v. Voog, 233 Conn. 352,354-55, 658 A.2d 172 (1995). In ruling on a motion to strike a special defense, a trial court is obligated "to take the facts to be those alleged in the special defense and to construe the defense in the manner most favorable to sustaining [its] legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992).
The plaintiff argues that the defendants' second special defense is legally insufficient in that it does not comport with Practice Book § 164 and fails to state a claim upon which relief can be granted. Specifically, the special defense fails to allege "[f]acts which are consistent with [the plaintiff's statements of fact] but show, notwithstanding, that [the plaintiff] has no cause of action . . ." Practice Book § 164. The plaintiff also argues that the defendants' claim that the plaintiff was allegedly negligent on one occasion does not demonstrate that he has no cause of action.
In General Electric v. Specialty Store Lighting, Superior Court, judicial district of Middlesex at Middletown, Docket No. 74939 (March 15, 1996, Stanley, J.), the trial court granted plaintiff's motion to strike the defendant's special defense because the defendant alleged in his special defense "a breach different from the breach alleged in [the plaintiff's] complaint" and the "alleged breach on the part of the [the plaintiff did] not provide a special defense which show[ed] that [the plaintiff had] no cause of action."
The defendants, Paul Nordling and Debra Nordling, in their second special defense have failed to allege facts which are consistent with the plaintiff's complaint and show that the plaintiff has no cause of action. The plaintiff's breach as alleged in the defendants' special defense, is a breach different from the breach alleged in the plaintiff's complaint and does not erase the defendants' obligation to pay for dental services CT Page 9271 provided by the plaintiff. The plaintiff's motion to strike the defendants' second special defense is granted.
"A motion to strike tests the legal sufficiency of a cause of action and may properly by used to challenge the sufficiency of a counterclaim." Fairfield Lease Corporation v. Romano's AutoService, 4 Conn. App. 495, 496, 495 A.2d 286 (1985). "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense."County Federal Savings and Loan Assn. v. Eastern Associates,3 Conn. App. 582, 585, 491 A.2d 401 (1985).
The plaintiff first moves to strike the defendants' counterclaim on the ground that the defendants have failed to attach a good faith certificate with the counterclaim as required by Connecticut General Statutes § 52-190a. The defendants argue that the good faith certificate is not required under Connecticut General Statutes § 52-190a when a medical malpractice action is brought by way of a counterclaim. To date, however, neither of our Appellate Courts has addressed the issue of whether a certificate of good faith belief of negligence is required for a medical malpractice claim brought by way of a counterclaim. See Yale University School of Medicine v. McCarthy,26 Conn. App. 497, 501, 602 A.2d 1040 )1092); see also Hall-BrookeHospital v. Fitzpatrick, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287232 (November 12, 1993, Leheny, J.), (the trial court found that the defendant's counterclaim based on medical malpractice "[was] insufficient for the reasons that the `good faith certificate' [was] inadequate in asserting that a reasonable inquiry was made.")
"The general purpose of § 52-190a `is to discourage the filing of baseless lawsuits against health care providers.'"Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 383,635 A.2d 1232 (1994), cert. denied, 228 Conn. 928, 640 A.2d 115, quoting Leconche v. Elligers, 215 Conn. 701, 710, 579 A.2d 1
(1990). "The purpose of the certificate is to evidence a [claimant's] good faith derived from the precomplaint inquiry. It serves as an assurance to the defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence." Leconche v.Elligers, supra, 215 Conn. 711. "Our cases explain that the failure to attach a certificate of good faith pursuant to §52-190a subjects the case to a motion to strike the complaint CT Page 9272 pursuant to Practice Book § 152(1)[4] for failure to state a claim upon which relief can be granted, but that the defect is curable by a timely amendment filed pursuant to Practice Book § 157 or Practice Book § 175." Gabrielle v. Hospital ofSt. Raphael, supra, 33 Conn. App. 384.
"Under our rules of practice, a counterclaim, if proper, is an independent action. See Practice Book §§ 116, 168, 169."Home Oil Co. v. Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985). "For purposes of examining pleadings relative to a counterclaim, the party asserting it becomes the `plaintiff' on the counterclaim. Accordingly, the general rule is that a counterclaim should be pleaded in exactly the same way the claim would be pleaded in the complaint in an independent action." (Internal quotation marks omitted.) Id., 341. "The pleading containing the counterclaim serves as the `complaint,' and the `defendant' on the counterclaim, the plaintiff . . ., responds to it by filing an answer to the counterclaim. See Practice Book §§ 112, 168." Id.
Because the Supreme Court in Home Oil, supra, has determined that a counterclaim should be pleaded in exactly the same way the claim would be pleaded in the complaint in an independent action and that the party asserting it becomes the "plaintiff" on the counterclaim. The defendants should be treated as plaintiffs as to their counterclaim and be required to plead their counterclaim according to the rules governing complaints. See Practice Book § 168 (a counterclaim "shall be pleaded and replied to according to the rules governing complaints and answers:). Further, Practice Book § 152(1), under which this motion to strike is brought, does not differentiate between a complaint, counterclaim or cross claim. Therefore, the requirement of Connecticut General Statutes § 52-190a that a certificate of good faith shall accompany a complaint or initial pleading in a medical malpractice case is applicable to the defendants as to their counterclaim. The plaintiff's motion to strike the defendants' counterclaim is granted.
The plaintiff further asserts that the defendants' counterclaim is legally insufficient in that the defendants failed to file any demand or relief with their counterclaim as required by Connecticut General Statutes § 52-190.
"The required contents of a complaint are set out in General Statutes § 52-91 and Practice Book § 131.[5]" Davis v.
CT Page 9273Naugatuck, 15 Conn. App. 185, 189, 543 A.2d 785 (1988). "Prior to 1977, § 52-91 required that the plaintiff's complaint contain a demand for the relief to which he supposed himself entitled." Id., 189. "The ad damnum, the claim for money damages, limited the amount of the judgment although it could be increased by amendment." Id. "No. 77-497 of the 1977 Public Acts amended General Statutes § 52-91 and eliminated the requirement that a complaint contain an ad damnum. Practice Book § 131 was similarly amended." Id., 190. "Although the requirement that a complaint contain an ad damnum clause has been eliminated, there has been a requirement since July 1, 1978, that the complaint contain a statement that the amount in demand is more or less than a certain amount." Davis v. Naugatuck, supra, 191. "Public Acts 1983, No. 83-144, amended § 52-91 to provide that the demand for relief be on a separate page of the complaint and that it set forth that the amount in demand is $15,000.00 or more, $2,500.00 or more but less than $15,000.00, or less than $2,500.00." Id. Furthermore, the "prayer for relief must articulate with specificity the form of relief that is sought. . . . A party who fails to comply with this rule runs the risk of being denied recovery." (Citations omitted.) Stern v.Medical Examining Board, 208 Conn. 492, 501, 545 A.2d 1080
(1988).
The prayer for relief contained in the counterclaim demands monetary damages; compensatory damages; interest; and such other and further relief as the court may deem just and proper. The defendants' prayer for relief does not set forth that the amount in demand is $15,000.00 or more, $2,500.00 or more but less than $15,000.00, or less than $2,500.00. Therefore, the defendants' counterclaim does not satisfy the requirements of a complaint as set out in Connecticut General Statutes § 52-91 and Practice Book § 131. The defendants have, however, articulated with specificity the form of relief that they are seeking, i.e. money and compensatory damages. "Other courts have held that striking a prayer for relief of a counterclaim because a party has failed to literally comply with the mandates of Practice Book § 131 would amount to form over substance." Season v. Toepke, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138296 (May 26, 1995, Karazin, J.). See also OakridgeBuilders, Inc. v. Reynolds, 3 CSC 924 (November 3, 1988, Pickett, J.). Viewing the defendants' counterclaim in the light most favorable to the defendants, the counterclaim is legally sufficient as to the prayer for relief stated therein. See Seasonv. Toepke, supra (finding that a "failure to include the specific CT Page 9274 amount of damages demanded in the prayer for relief" does not make the counterclaim legally insufficient.). The plaintiff's motion to strike the defendant's counterclaim on the ground that the defendants have failed to file a demand for relief is therefore denied.
RICHARD J. TOBIN, JUDGE